**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Francisco Daniel CHAIDEZ,
Defendant—Appellant.**

No. 05–50633.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.[*]

Decided Sept. 15, 2006.

Alessandra P. Serano, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Chase Scolnick, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM [**]

Francisco Daniel Chaidez appeals from his jury-trial conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841, and importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Chaidez contends that the district court erred by instructing the jury that he had the burden of proving by a preponderance of the evidence his affirmative defense of duress, with regard to both the importation and possession counts. His argument with regard to the importation count has recently been foreclosed by *Dixon v. United States*, —— U.S. ——, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006).

With regard to the possession count, Chaidez argues that the heightened level of scienter—"intentionally," as opposed to "knowingly and voluntarily"—required the government to disprove duress, notwithstanding *Dixon.* We disagree. "[T]he Due Process Clause forbids shifting the burden of proof to the defendant on an issue only where establishing the defense would necessarily negate an element that the prosecution must prove beyond a reasonable doubt." *See United States v. Leal–Cruz,* 431 F.3d 667, 671–72 (9th Cir.2005) (holding that district court did not err in requiring defendant to prove duress, because defense would not necessarily negate an element of the specific-intent offense at issue).

**AFFIRMED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.